Good morning, may it please the Court. Harini Raghupati, Federal Defenders of San Diego for the Appellate, Mr. Luis Hernandez-Meza. Mr. Hernandez's conviction must be reversed for three reasons. First, he was brought to trial beyond the 70-day deadline set forth in the Speedy Trial Act. Second, the District Court abused its discretion in allowing the government to reopen its case to introduce the naturalization certificate of Mr. Hernandez's mother. And third, remand is warranted so that the District Court can set forth a sufficient record in response to Mr. Hernandez's Rule 16 objections. I'll start with the Speedy Trial Act violation. On appeal, the parties agreed that the STA clock began to run with the filing of the information, not the indictment. But the parties now dispute two interim periods between the filing of the information and the start of trial. First, whether November 21st and 28th, days on which the District Court continued the case, are excludable under Section 3161H1's other proceedings provision. And second... Just so I understand what those were, the parties came to court and just got a continuance, is that it? Correct, Your Honor. I'm not sure exactly how this works in the Southern District. Do you have to file a motion for continuance, or is it... you just show... how does that work? I think different chambers have different practices, but... All right, let's then focus on... What happened here? What happened, Judge, on that? I mean, what happened here? Thank you. Well, in this case, what happened was that the parties appeared in court on November 21st and 28th. On November 21st, the defense... Why were they in court that day? To obtain a continuance. How did they know to be in court to obtain a continuance? Just forgive me. I don't do that much District Court work, but usually parties call up and get a date for a motion, and then they file papers and show up for a motion. That's how I understand things work. Right. What happened here? In this case, on November 21st, Mr. Hernandez had waived indictment, and the District Court had set a change of plea hearing. Mr. Hernandez appeared in court and notified the court that he needed an additional week. So what was scheduled was the change of plea hearing. Correct. And instead of the change of plea, he asked for a continuance. Correct. Okay. And then on November 28th, the court granted the one-week continuance until November 28th. At that point, the parties... Now, excuse me. I'm sorry. Let me just go back to the change of plea hearing is not a motion. Right? It's... Well, in this case, a change of plea hearing was obtained as part of the standard part of the fast-track process. It's a hearing that's put on the calendar regardless of the party's intentions to a change of plea hearing is put on the calendar regardless of how the case will ultimately settle. So it's a standard part of the fast-track process. It's not a motion. Okay. And then on November 28th, the change of plea hearing had been continued for a week. The parties appeared in court had failed to reach a settlement, and then the court calendared the case for further proceedings for motions and for trial. So those two days on November 21st and 28th represented the first day of continuance periods. Here, the district court failed to make the requisite findings under subsection H7 that the continuances were warranted in the interest of justice, and the government has conceded that. So do you agree that if we characterize those days as other proceedings and not as continuance time, then those days are excludable? If the court determines that they are other proceedings, then they would be excluded under the Act. However, I don't think that subsection H1 can be read to defeat the requirement in subsection H7 that the district court must make specific on-the-record findings. So your argument is because the court granted continuance, he should have said that that explicitly, that that was in the interest of justice. And because he didn't use those words, then the days have to be counted. Correct. And the government has conceded that those findings are not apparent in the record and the district court failed to make them. And then the other period that the parties are disputing is whether the time devoted to fast-track plea negotiations is excludable. And the relevant case law here is in United States v. Alvarez-Perez. And there, the parties agree on the relevant law. So in Alvarez, the court held that generally time devoted to plea negotiations is not excludable automatically. However, Alvarez noted an exception when the defendant notifies the court that plea negotiations, quote, have resulted in an agreement, and as a result, the court sets a change of plea hearing. And the have resulted language in Alvarez is significant because it constitutes a motion to the court that the defendant is going to be changing his plea, and that motion in turn requires a hearing under section 3161H1D. Here, we don't have a record of the proceedings from October 27th before the magistrate court because there was a malfunction in the recording equipment. However, I think under either party's recounting of the relevant facts, the exclusion under Alvarez doesn't apply. Mr. Hernandez contends that he never made a representation to the magistrate court, either orally or in writing, that a plea agreement had been reached. And this is consistent with other evidence in the record, the minute entry from That, to me, is inconsistent because they, if he, that's where he pled not guilty, so it would be very unlikely that the parties would, on that day, have notified the magistrate judge that they had reached a plea agreement. Correct. So, I mean, that just kind of, that is inconsistent. Correct. That, so if we don't exclude that time, though, does it make a difference if we decide against you on the November 21 and the November 28 days? Well, the parties here are disputing two days, so those two days are crucial to the analysis. However, I would, if the court is inclined to exclude those two days, I would strongly urge the bloat, in this bloat, the Supreme Court held that courts should be cautioned against reading subsection, quote, reading subsection H1, and specifically its reference to other proceedings concerning the defendant, to permit automatic exclusion of delay resulting from virtually any decision to continue a deadline. Well, it seems, it just seems like in these fast-track things, a lot of sloppiness goes on in following the rules as they're precisely set forth. That may be true, but I still think that in this case, the, well, first of all, this Court has never held it simply appearing in court, whether for a continuance or otherwise constitutes in other proceedings. And I think bloat strongly counsels against that reading. And then I think the other thing is that the Supreme Court has never held that  going to court to argue to get a continuance is not an other proceeding that's excludable within the meaning of this Act. Would that be contrary to rulings of any other circuit? So that is, would we be creating a circuit split? Not from my understanding, Your Honor. The cases that the government has cited for the proposition that appearing in court is an other proceeding do not involve continuances. They, from my understanding, they involve other proceedings such as bond hearings or status conferences or things of that like. I wasn't able to in, I wasn't able to find any cases that say appearing in court for the sole purpose of a continuance is an other proceeding, an other circuit. So I don't believe this Court. Do you think that's a question of first impression? That's my understanding. It would defeat the Speedy Tile Act, right? You could just go in and have a continuance and that would be it. Correct, Your Honor. Now, let's assume we were to agree with you as to the calculation of time. Do I understand correctly that on the Speedy Tile Act we'd have to vacate the conviction and send it back for another trial? The remedy would be. I mean, he doesn't get released, right? No. The remedy would be to reverse his conviction and the district court would determine whether to do so with or without dismissal of the indictment should be with or without prejudice. What's the point of that? I mean, you know, if a trial happens, it's presumably a fair trial. I mean, you know, I mean, it got delayed at most two days according to your count. It's 72 days, right? Correct. And so we go and do it again because the original trial was late. We're going to have to do a much later trial now again. It doesn't make sense to me. However, it's ultimately if the district court were to determine to dismiss without prejudice, it would be up to the prosecutorial choice of the U.S. attorney. You'd be as surprised as I would if the district court were to do that. I would be surprised and I would honestly think that it was a consumption of resources that was perhaps unnecessary. However, that's not my choice. That's the prosecutorial choice of the U.S. attorney. I'd like to reserve the remainder of my time. Do you think the district court would be more likely to dismiss with prejudice if you prevail on the Speedy Trial Act claim? Well What's the standard for dismissing with prejudice as opposed to dismissing without prejudice? There's a number of factors the district court would be required to consider. I think one of those factors would be the length of the delay. So, you know, a longer delay is per se less excusable than a shorter delay. The party who might be accountable for the sources of the delay. And there are several other factors that the United States v. Taylor indicates, and I think it's also enumerated in subsection H-8, that the district court is required to consider. So those would be the factors it would have to consider. One last question. So what was your client sentenced to? He was sentenced to 24 months in custody, and he's getting out, I believe, in June of this year. So he's already served how many months? A majority of it. So that would be a reason to dismiss with prejudice, if he's already served most of his time. I would think so, yes. Thank you. Okay. Thank you. We'll hear from the government. May it please the Court. Good morning. I'm Mark Rahe on behalf of the United States. Your Honors, there was no Speedy Trial Act violation in this case. The November 21st and 28 hearings, although ending with the continuance, that was not the purpose of those hearings. They were a change of plea hearings. That's evidenced in the district court clerk's record from the October 27, 2011 documentary.  Was there a motion? We believe it was, Your Honor. Well, I'm sorry, this is not the question of your religion. This is a question of what's in the record. We can infer from the record that on October 27th, a change of plea hearing was set. Was there a motion? Yes, by operation of law. There isn't a motion for that. When you have your arraignment, it's automatically scheduled. The plea is not guilty and the court automatically schedules the date for the change of plea hearing under this rule, right? Right at the outset. It's just a date that's scheduled because that's how these proceedings proceed. But for the last part, that's not my understanding, Your Honor, and this is why I ask. I'm sorry. Let's be very specific. Is there a docket entry showing a motion? It doesn't use the word motion, but it says a request. It says it sets a change of plea hearing, and this court has cited with approval a First Circuit case called Santiago-Bussell Hill. Wait a minute. I don't know what you're saying. Show me where on the docket you're talking about. Do you have in the record the transcript of the arraignment? No, you don't. That's what you're missing, the October 27th. Transcript, right. It was a recording. You're missing it. How come we don't have a record of that? It was a malfunction with the recording equipment. Well, but it doesn't, if there was an oral motion made, isn't there usually a minute entry? There's something in the docket by the clerk saying so-and-so moved and the court ruled. Isn't that how it's done? I think that's how it's done in the Central District. It would definitely provide clarity, but I don't know that that's how it's done in all cases, Your Honor. What I'm saying is, in Santiago-Bussell Hill, First Circuit case that this court cited with approval and Alvarez- But there were two days continuous, okay? So let's skip over the first one where there was a malfunction. Was there a motion in the second one? When you request a change of plea hearing, that is a motion as a matter of law. Where is it? Where? That's what I'm trying to say. In Santiago-Bussell Hill, First Circuit case that this court cited with approval and Alvarez-Perez, at 130F3rd, page 20, a defendant's request to change his plea clearly constitutes a pretrial motion. And the reason for that. Well, where is the request? It can be inferred. We don't have the, you know, it can be expressed or implied. Our contention is that when you look at that October 27th, the last court appearance before November 21, it says set for change of plea hearing. And then November 21 and November 28 are described as change of plea hearings. They're described that way in the defense motion that's dismissed in the district court. They were even described that way in the appellant's opening brief. It wasn't until we presented our brief that suddenly, on reply, this is being called a continuance. When you seek a delay under the Speedy Trial Act for continuance, I've never heard of a one-day continuance being excluded where the next day is not actually a court hearing. That's not the purpose of this. It's a change of plea hearing. And I would even invoke page 15 of the reply. But don't we say in Alvarez-Perez that you have to, defendant has to notify the court there's actually been an agreement and the result was a change of plea hearing. It's quite specific. So just saying I want to change a plea hearing without the specific notification that there has been an agreement reached doesn't seem to contravene what we said in Alvarez-Perez. The way I read Alvarez-Perez, Your Honor, that definitely happened. There was a notification, a written notification of an intent to plea. But I don't know that the case said that it's sufficient, but whether or not it's necessary. I think the interesting thing in Alvarez-Perez, if the operative pushed to the opinion, the court said that the request for the change of plea hearing is excluded either under the provision that's specifically about consideration of plea agreement or under 3161H1D as a pretrial motion. The consideration of the plea agreement portion of the statute requires that the court be considering the plea agreement, not the parties. I won't dispute that, Your Honor. But what I'm saying is Alvarez-Perez seems to give a disjunctive. It says the facts on that case satisfy the Speedy Trial Act under either delay resulting from the court's consideration of plea agreement or a motion. And then it cites with approval Santiago-Bessarel. Santiago-Bessarel goes on to say, as I quoted earlier, a request to change this plea clearly constitutes a motion. Now, here's why. And it's also explained in there. It says a change of plea hearing is essential to establishing the knowing and voluntary nature of the defendant's guilty plea and to determine the sufficiency of its factual basis. Until these factors are established, the court may not rule definitively on whether or not to accept a motion for change of plea. And then at page 15 of her reply brief, my opponent cites the Black's Law Dictionary of what a motion is. It requests the district court to take action. The government's position is once you know on October 27, 2011, that the next court date is for change of plea, that is requesting the court's intervention because you're requesting a Rule 11 colloquy. And it went from the magistrate to Judge Whalen. That's the position that he sits there to take the plea. Even in the e-mails that were sent the day before each one of those, the defense says we're on for dispo. Kennedy. I'm sorry, Your Honor. You said Judge Whalen. Correct. Because this case has two district judges. He was going to be only takes pleas. And the minute it was a failed dispo, it got sent. Okay. He's going to Judge Whalen for the rule 11, right? Rule 11. So, you know, and look, we're not trying to create a hole in the Speedy Trial Act. We're asking, I think, if you look at the policy of the government's position, this isn't like the situation in Bloat v. United States where the government tried to argue that time to prepare pretrial motions should count. That's out of court, not supervised by anybody. These are single days where you appear in front of a court for a specified purpose. It was a dynamic situation to change a plea. Was the defendant going to plea? Was he not? That was the purpose of the plea. Well, somebody obviously wasn't paying attention. The government could have asked the court to make appropriate finding. That's also true. It was getting very close to the date. You knew you were running out of time. Usually what competent lawyers for the government do is say, well, will the court make a finding of necessity or, you know, and the court does or doesn't make that finding. Usually it does make it, but not always. And then you put it on the record. Instead, you let it go. My experience is exactly that. When I was on the district court, and it wasn't even just put on the record. It was always written. It was prepared by the U.S. attorneys, and it always had the exact right language in it to count as an excludable day under the City Trial Act with the interest of justice finding. And we would actually sign off on that. This is very odd. Sometimes add a not. And then the government would be on notice to hurry up. But in this case, we don't even have a record of what actually happened. So. I don't deny that, Your Honor. Had we gotten that written finding, then we would have argued under subsection 7 or the last one about the ends of justice. That wasn't done here. But still, Congress has said my opponent doesn't disagree that that list under other proceedings is not exclusive, that the legislative history indicates it should be read broadly, and another thing I'd point out, in United States v. Hages, this court held that the day you show up for an arraignment, which often takes all of two minutes. In fact, in this case, on December 5th of 2011, it was two and a half pages of transcript for the arraignment. If you waived the reading, yes, here we go, not guilty, set it over. That was held to fall under the other proceedings, even though arraignment is not specifically enumerated. My opponent has no response to that. We would argue this, you're appearing in front of the court for another procedure, and it's formal. It's just an interesting argument, and no one's ever decided it before. And that is if the sole thing that happens at the hearing is a continuance is granted, does that count as a continuance? It is open. But we would say, Your Honor, the purpose of the hearing was for the change of plea. It seems to me it's not a question of such magnitude except for cases like this where you're, you know, we're really disputing two days, that generally you're not going to have a situation where that's going to matter. Correct. And here, you know, this was for the defendant's benefit. They thought we had apparently a fast-track plea agreement. The agreement was actually signed at one point. Judge Whalen is sitting on hold waiting for this Rule 11 proceeding that does not end up happening, but the government would argue that just because some, I mean, most appearances end. Let's put this over. What's the next date? Let's get another time. This was about a pretrial hearing. If this Court has cited Santiago Becerral with approval, and that case says that a request for a plea because you're requesting judicial intervention is the equivalent of a motion, I would say that you have not only that rationale, but it is another procedure. Yeah, but see, you're saying, you're arguing that there was a request for a plea, and that's also not my experience, and you have no evidence that there was a – there's nothing in the record that I've seen that shows a request or a motion to set a plea hearing. It's one of those automatic things that gets set up in accordance with, you know, just the procedures that the Court routinely follows. Well, I don't know that that's in the record, Your Honor. Here, I mean, sometimes at these first appearances, they just have a continuance for a few days. This October 27th was in front of a magistrate, and then it says change of plea set for the next day. So somebody must have asked for that. It's not – I don't believe that the record bears out that every time after your first appearance in front of a magistrate, you're automatically set for a change of plea hearing. And he also waived indictment that day, which is a first step towards pleading guilty. So it seems, you know, again, it would have been great if we had the record. We'd know one way or the other. The government's simply asking that the defense, they contend otherwise. I have a statute, Your Honor. 3162, the very next section after 3161, obviously, it's subsection A-2. It says if a defendant's not brought to trial within the time limit, shall be dismissed on motion of the defendant. Here's the operative sentence. The defendant shall have the burden of proof of supporting such motion, but the government shall have the burden of going forward with the evidence in connection with any exclusion of time under subparagraph 3161H3, which is not at issue here. So we believe by the statute that it's the defense burden, and it's a factual finding, whether a request for a plea was made. Here, the district court, that was Judge Anello, agreed that this time could be excluded as both consideration of a plea and a motion. And so we're basically asking that that be upheld on clear air standard of review. Do you have anything to say about the admission of the mother's naturalization certificate? That seemed to me like a blunder on the part of the government not to include it. And the defendant did nothing. It produced no evidence. So you really have no opportunity for a rebuttal case. And the district judge just opens up the record and says, yeah, put in more evidence. I've never seen anything like this. Whose side is the judge on? He's supposed to be an impartial adjudicator, not there to help out one side or the other. And it looked to me like he was out helping the government. He had a choice, Your Honor. He's within his broad discretion under this court's case law. In this case, the defense asked a few questions about derivative citizenship, but they never indicated that. They put no evidence in, right? Well, no. I mean, they didn't make their own case. They asked questions. And to the extent they got it. I'm sorry. Ask whom questions? They asked on cross-examination. On cross-examination. So the government could have figured it out or could have just put it in to anticipate. I mean, but that was the government's burden. Or it could have just gone ahead to verdict without a certificate and argued on the evidence presented. The question is, where does the district judge get authority to reopen the record when the defendant has put in no evidence at all? They say, oh, wait a minute. The government missed a legal theory. Now I've been asked to give an instruction. And, boy, I have to give this instruction that would actually might result in an acquittal. So I'm going to let the government put in more evidence. I find that very strange. The other part that's troubling about that is it appears that the government had the naturalization certificate in its possession and did not turn it over to the defense. And so it was the ‑‑ I mean, I don't even know how that could be, that you would not have turned that over to the defense so that they wouldn't have asked those questions. I mean, that was awesome. I don't even think it was just a blunder. I think it was a tactical thing on the part of the ‑‑ were you the trial lawyer? No, I wasn't, Your Honor. Okay. I mean, basically ‑‑ It was. Just to follow up on that question, I'm sure you can answer this one. My impression was that they had it in the courtroom that, you know, when the defense asked for instructions, the government said, wait a minute, we have this other piece of paper here. And I just, I mean, again, to follow up on Judge Wardlow's question, how does the government have something in its file that it might use as evidence that it hasn't turned over and it doesn't turn it over until it actually needs it? It really seems a little sleazy to me. I disagree respectfully, Your Honor. You don't think I think it's sleazy? I don't think it's sleazy, not at all. I really wasn't asking for your view as to whether you think it's sleazy or not. I think it's sleazy. Why don't you persuade me? It might be a Brady violation or a Rule 16 violation. I mean, I'm here to defend the honor of my colleague. And, you know, you asked me a question, I'd like to ‑‑ No, you're here to defend the judgment. But above all, you are a prosecutor. And you're here to defend the process and justice. And when you see that somebody on the prosecution side has done something dishonorable or improper or unconstitutional, your duty is to the Constitution, not to defend your friend. So just understand that. Absolutely. Okay. I'm going to go back to something your first question. If you don't feel you can do that because of your friendship with the individual involved, then you need to send somebody else in to do it who can be objective. Well, I'm fully capable, Your Honor, because I'm going to talk about the evidence. Okay. And the evidence is here. When you look at the defense, they characterize their position in front of the district court as we have evidence of derivative citizenship. Because they had evidence that the defendant was admitted as a ‑‑ What does this have to do with the questions we've asked you? This is not a defense conduct issue here. It is the government's conduct, the failure to produce the evidence and discovery, the failure to turn it over even at the beginning of trial when they obviously had it present in the courtroom, and the failure and then asking, and the district judge's action, having it admitted, reopening the record and having it admitted. What possible justification is there for not turning it over, for at least if it's in the file and the prosecutor obviously knows it's in the file because he's able to pull it out and say, here, we want to admit it, for turning it over when the trial starts, if not sooner? Because it was in the mother's file, and there are many different ways to argue derivative citizenship. The defense listed that testimony themselves, and it wasn't until ten minutes before coming into court after the lunch break that the defense filed their supplemental instruction request. And at that point, the government had proceeded at trial the way it does with virtually all of these 1326 cases. We made our affirmative case. We're talking about discovery and disclosure. Obviously, the prosecutor knew that this was in the file because they came up with it as soon as, right? What is the justification for not turning it over at the start of trial at the point that they realize and say, oh, my God, here's a document that we might use that's clearly covered by Brady, clearly covered by the discovery rules that we haven't turned over, and waiting until, you know, hoping that the other side won't do anything about it, and then turning it over? Why isn't that misconduct right there? Because the certificate itself — Well, why shouldn't we at least have a show-cause hearing as to what the prosecutor knew and when the prosecutor knew it, when the assistant U.S. attorney knew it, about the failure to turn over the document? The document completely negated the defense. It's not material to defense. That's what the prosecutor thought. And you have the burden of proving beyond a reasonable doubt the alienage, correct? Correct. And you had a document in your file that proved beyond a reasonable doubt that he could not be a derivative citizen of his mother. Wouldn't that be evidence that both should be turned over to the defendant and would be helpful to your case? Our case stood on its own under the authority of this Court. You didn't — you're not answering the question. Just listen to the question and answer the question. Was it discoverable? Was it covered by the discovery rules? That's Judge Wardlow's question. That's my question, and you keep evading it. And I'm beginning to think that you are in on the evasion as well with your colleague. Now, just answer the question. Was this covered by the discovery rules? No, it was not material. Okay. Explain to — explain why not. First of all, it wasn't helpful to the defense. That was argued at trial. It doesn't have to be helpful to the defense. Second of all — I'm sorry. It does not have to be helpful to the defense. It's evidence that could be impeaching of their — of his testimony. Of whose testimony, Your Honor? The defendant. Because he — when he was cross-examined, he suggested he could be a derivative citizen by virtue of his parents. Okay. Well, the defendant didn't take the stand. Are you referring to the officer, which is argued? Whoever was questioned about that. Oh, who might be. The defendant might take the stand and be impeached by it. So obviously it's relevant in that regard. Defendant can always take the stand. That's why — that's why the motion to reopen was made, because you realize, oh, the jury could draw these inferences and come out against us unless we prove this definitively. Well, that's something you should have known or could have known at the beginning of the trial. But then, Your Honor, in every single case, then we would have to somehow disprove something that we don't know is coming at all. You have the burden of proof on alienage. I thought that was — that's well-established. Correct. And we introduced his post-arrest admission that he was a Mexican citizen, that he had been deported, that he had a warrant of removal. Time after time, this Court has found that is sufficient evidence of alienage. Okay. So then the agent's cross-examined, and there's a suggestion that there's a derivative citizen who would bring out the paper that he's not, at least by virtue of his mother. Of his mother. Right. Who had 18 years after the last possible date of that vote. Okay. That's true. That slammed down. And that sure killed his case here. Right. Which also shows the lack of prejudice under the last claim on this appeal. If we know that this document completely negates that defense, and no point below or even on appeal is the defense of Justice Henry. Only if it's admitted. Pardon? Only if it's admitted. Only if it's admitted, but the government did not. I mean, here's what I think happened. The government decided not to present it. It decided to make a tactical choice not to present it because, in its case in chief, because it didn't want to fall under 16AEII, which says the government intends to use the item in the case in chief at trial. So it withheld at that point because it didn't disclose, it didn't want to disclose it. And then it was surprised when the defense didn't put in any evidence and had to go back and reopen its case, which suggests to me that it intended all along to introduce the evidence. It was just being sneaky, that the government prosecutor was being sneaky. I don't like the idea of thinking of prosecutors doing sneaky things like that. Maybe we need to have a sure cause hearing as to what was really going on in this case. Or judges allowing it. I mean, that's why it's a close question whether it's an abuse of discretion. I mean, all these arguments were evidence. We don't have anything from the prosecutor suggesting anything. No excuse. No explanation. Nothing under oath suggesting that this was a good faith mistake or anything of that sort. Well, he made a statement when this was litigated. He said, here's why I'm surprised. I don't find it's even remotely credible. If the mother had naturalized within a year or a few days of him turning 18, but he said when it's 18 years after the fact, I never thought this would be in. I don't think there was any intent. I think he just was caught unawares because he thought, here's something that is a matter of law, lacks merit, why on earth would the defense actually request an instruction on that basis? It's awfully fishy. I see stuff like that. I don't like it. It's not the kind of thing that the judges should condone. In any event, you have more than used up your time. Would you like a minute for a bottle? Just briefly, on page 199 of the ER is the minute entry for the October 27th hearing, and it says there's a change of plea hearing set. As Judge Wardwell pointed out, that's a standard part of the fast track process that is set regardless. That's not a motion to the court. So I think the relevant minute entry is on 199. And then just touching on the reopening, as Judge Kaczynski pointed out, the government hasn't provided a time and adequate reason for why it failed to introduce the evidence during its case in chief. And I do believe it was a tactical decision on the part of the government to deliberately waive that document during its case in chief. The district court shouldn't have permitted it to get a second bite at the apple to relitigate. I believe that's an appropriate measure, yes. Okay. Thank you very much.
judges: Kozinski, Wardlaw, Gould